August Kohn, Jr., Husband, and Dorita Kohn, Wife, v. Commissioner.
Kohn v. Commissioner
Docket No. 7029.
United States Tax Court
1945 Tax Ct. Memo LEXIS 21; 4 T.C.M. (CCH) 1050; T.C.M. (RIA) 45351; December 4, 1945
*21 Sales of listed securities through the New York Stock Exchange by several members of a family, followed by purchases through the Exchange of like securities at the same prices by other members of the family, held, not sales "between members of the family" within the meaning of section 24(b) of the Internal Revenue Code. John P. McWilliams, 5 T.C. 623, and Pauline Ickelheimer, 45 B.T.A. 478, aff'd, 132 Fed. (2d) 660, followed. N. E. Derrick, C.P.A., 1218 Sumter St., Columbia, S.C., and Fred D. Townsend, Esq., for the petitioners. Bernard D. Hathcock, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion ARUNDELL, Judge: This proceeding involves a redetermination of deficiency in income *22 tax for the calendar year 1941 in the amount of $1,037.14 of which $928.92 is in controversy. The sole issue concerns the correctness of the respondent's action in disallowing certain long-term capital losses under section 24(b) of the Internal Revenue Code. Other adjustments made by the Commissioner are not challenged. [The Facts] The petitioners are husband and wife, residing at Columbia, South Carolina. They filed a joint income tax return with the collector for the district of South Carolina. Petitioner August Kohn, Jr., bought and sold securities for his own account and frequently, as agent, for the account of his wife. At times Mrs. Kohn bought and sold securities in her own right. Each petitioner maintained a brokerage account with the Columbia, South Carolina, branch of the firm of Merrill Lynch, Pierce, Fenner & Beane, a member of the New York Stock Exchange. Petitioners maintained separate individual bank accounts at different banks. Neither was authorized to draw checks on the account of the other. Petitioners concede that the sales transactions hereinafter referred to were entered into for the purpose of establishing losses for tax purposes. *23 In December, 1941, petitioner August Kohn, Jr., instructed the brokerage firm to sell for his or his wife's account a specified number of shares of the stock of particular companies. At the same time in some instances he instructed the brokers to buy a like number of shares of the same stock for the account of the non-selling family member. At other times, instructions to buy were given by him shortly before or after the instructions to sell. Shares of stock in different corporations were sold. The trade date of the purchase of shares in five of the companies was the same as the trade date of sale, while the trade date of purchase of the shares in seven companies followed the trade date of sale by one or two days. The sales price and the purchase price were slightly different in a majority of the transactions. All of the stocks in question were listed on the New York Stock Exchange and the purchases and sales, some of which were odd-lot transactions, were made in regular course of business at that Exchange. Neither petitioner knew to whom he sold or from whom he bought. Neither purchaser received the identical certificate formerly held by the other. All of the stocks had been held *24 by the respective petitioners for two years or more. The stock in question, dates of acquisition, cost, dates of sale, sales price and amount of loss thereon were as follows: Date of
Date of
Sale
Stock
Acquisition
Cost
Sale
Price
Loss
Stocks Sold by August Kohn, Jr.
100 shares T.W.A., Inc.
2/ 5/37
$2,012.50
12/19/41
$ 908.73
$1,103.77
100 shares Natl. Dept.
Stores
7/27/37
1,762.50
12/19/41
408.99
1,353.51
50 shares U.S. Rubber
12/30/38
2,625.00
12/17/41
816.23
1,808.77
40 shares Crane Co.
1/11/39
1,395.00
12/17/41
462.69
932.31
$7,795.00
$2,596.64
$5,198.36
Stocks Sold by Mrs. Kohn
15 shares
Kennecott Copper
11/21/36
$ 905.55
12/17/41
20 shares
Electric Auto Lite
11/21/36
890.00
12/17/41
64 shares
Firestone Tire & Rubber
2/ 8/37
2,311.68
12/17/41
34 1/5 shares
McKesson & Robbins
3/ 5/37
1,512.50
12/17/41
10 shares
Chesapeake & Ohio
11/21/36
735.00
12/17/41
30 shares
Baldwin Locomotives
1937
1,000.00
12/17/41
20 shares
Baldwin Loco'ves (warrants)
1937
12/17/41
25 shares
Bell Aircraft
1/11/37
734.18
12/17/41
$8,088.91
*25 Stocks Sold by Mrs. Kohn
15 shares
Kennecott Copper
$ 511.11
$ 394.44
20 shares
Electric Auto Lite
393.84
494.16
64 shares
Firestone Tire & Rubber
876.75
1,434.93
34 1/5 shares
McKesson & Robbins
322/85
1,189.75
10 shares
Chesapeake & Ohio
317.66
417.34
30 shares
Baldwin Locomotives
384.69
555.97
20 shares
Baldwin Loco'ves (warrants
59.34
25 shares
Bell Aircraft
351.94
382.24
$3,218.08
$4,870.83
Petitioners reported total long-term capital losses of $13,601.09 and claimed a deduction to the extent of 50 per cent thereof. The respondent, in his deficiency notice, held that of the amount claimed the sum of $5,034.64 * (being 50 per cent of the amount of losses resulting from the above mentioned sales), was unallowable under section 24(b) of the Internal Revenue Code. Opinion The only question with which we are here concerned is whether the losses sustained by the petitioners should be disallowed under section 24(b), Internal Revenue Code. That section provides, in effect and in so far as here material, that no deduction shall be allowed *26 in respect of losses from sales or exchanges of property, directly or indirectly, between members of a family. The family of an individual is defined as including, among others, his spouse. In John P. McWilliams, 5 T.C. 623, where there were sales of listed securities through the Stock Exchange by McWilliams for his own account and, as agent, for the account of his wife and an estate, and the sales were followed by purchases through the Exchange of like securities at the same price for the account of non-selling members of the family, we held that they were not sales between members of the family within the meaning of section 24(b)(1)(A), following Pauline Ickelheimer, 45 B.T.A. 478, aff'd, 132 Fed. (2d) 660. The instant case is in all material respects indistinguishable from the McWilliams case and we are constrained to follow that decision here. Accordingly, for the reasons given therein, the petitioners are sustained. Decision will be entered under Rule 50. Footnotes
*. Discrepancy of a few cents noted.↩